```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

IN RE TYSON FOODS, INC.,           *
                                        MDL Docket No. 1854
FAIR LABOR STANDARDS ACT           *      4:07-md-01854-CDL

LITIGATION                         *         ALL CASES

_____

## O R D E R

Plaintiffs brought collective actions against Defendant Tyson Foods, Inc. ("Tyson") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, challenging Tyson's time payroll system. After years of litigation prior to and during this multidistrict litigation proceeding, the parties reached a settlement agreement. As part of the settlement agreement, Tyson agreed "to pay plaintiffs' counsel an amount not to exceed $14,500,000 as payment for the reasonable attorneys' fees and costs related to the MDL actions," subject to review and approval by the Court of a fee application to be filed by Plaintiffs' counsel. Joint Mot. for Final Approval of Settlement Agreement Ex. 1, Settlement Agreement ¶¶ 5.1, 5.2, ECF No. 813-2. The parties also agreed that the Court would have "continuing jurisdiction to interpret and enforce" the settlement agreement. *Id.* ¶ 8.2. The Court approved the settlement agreement, finding that its terms "constitute a 'fair and reasonable' resolution of a bona fide dispute regarding the

claims released by the settlement agreement." Order Granting Joint Mot. for Final Approval of Settlement Agreement 2, ECF No. 817. Presently pending before the Court is Plaintiffs' Motion for Attorneys' Fees and Costs (ECF No. 819), which Defendant Tyson Foods, Inc. has not opposed. For the reasons set forth below, Plaintiffs' motion is granted, and the Court awards Plaintiffs attorneys' fees and costs in the amount of $14,500,000.00.

Under the FLSA, a prevailing plaintiff may recover "a reasonable attorney's fee" and costs of litigation. 29 U.S.C. § 216(b). Based on the settlement agreement, Plaintiffs are considered prevailing parties and are therefore entitled to attorney's fees under the FLSA. *See, e.g., Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315, 1321 (11th Cir. 2002) (finding that the plaintiff was prevailing party because the settlement agreement was a judicially sanctioned change in the legal relationship of the parties). The Court must therefore determine whether the fees sought are reasonable.

The starting point for calculating a reasonable fee is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). The resulting product is the lodestar, and there is a "strong presumption" that the lodestar figure represents a reasonable fee. *Pennsylvania v. Del. Valley*

*Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986). Here, Plaintiffs' counsel represent that they spent more than 38,000 on this litigation and that their hourly rates ranged from $350-$625 for partners and $250-$350 for associates.[1] The total lodestar is more than $14,600,000. Pl.'s Mot. for Att'y's Fees & Costs 14, ECF No. 819.[2] Plaintiffs' counsel also represent that they incurred expenses of more than $1,500,000.00. *Id.*[3] Plaintiffs request a total award of $14,500,000.00 to cover the fees and expenses. Given the size and complexity of the litigation, and given that Tyson agrees that the amount Plaintiffs seek is reasonable, the Court concludes that the amount sought is reasonable, and the Court

---

[1] Plaintiffs' counsel excluded from their lodestar calculation time spent on claims for which they have already been compensated and time spent on issues on which they did not prevail. *E.g.,* Pls.' Mot. for Att'y's Fees & Costs Ex. 1, Webber Decl. ¶ 8, ECF No. 819-1.

[2] *Accord* Pls.' Mot. for Att'y's Fees & Costs [hereinafter Pls.' Fee Mot.] Ex. 1, Webber Decl. ¶ 7; Pls.' Fee Mot. Ex. 2, Wiggins Aff. ¶ 26, ECF No. 819-2; Pls.' Fee Mot. Ex. 3, DeRose Decl. ¶ 12, ECF No. 819-4; Pls.' Fee Mot. Ex. 4, Garrison Decl. ¶ 13, ECF No. 819-5; Pls.' Fee Mot. Ex. 5, Winebrake Decl. ¶ 10, ECF No. 819-6; Pls.' Fee Mot. Ex. 6, Gilden Decl. ¶ 4, ECF No. 819-7; Pls.' Fee Mot. Ex. 7, Metcalf Decl. ¶ 14, ECF No. 819-8; Pls.' Fee Mot. Ex. 8, Camp Decl. ¶ 4, ECF No. 819-9; Pls.' Fee Mot. Ex. 9, Gardner Decl. ¶ 5, ECF No. 819-10; Pls.' Fee Mot. Ex. 10, Celler Decl. ¶¶ 11-14, ECF No. 819-11; Pls.' Fee Mot. Ex. 11, Doolittle Decl. ¶ 3, ECF NO. 819-12 at 7; Pls.' Fee Mot. Ex. 12, Maniklal Decl. ¶¶ 7-9, ECF No. 819-13.

[3] *Accord* Pls.' Fee Mot. Ex. 1, Webber Decl. ¶ 25; Pls.' Fee Mot. Ex. 2, Wiggins Aff. ¶ 27; Pls.' Fee Mot. Ex. 3, DeRose Decl. ¶ 15; Pls.' Fee Mot. Ex. 4, Garrison Decl. ¶ 13; Pls.' Fee Mot. Ex. 5, Winebrake Decl. ¶ 11; Pls.' Fee Mot. Ex. 6, Gilden Decl. ¶¶ 13-14; Pls.' Fee Mot. Ex. 7, Metcalf Decl. ¶ 16; Pls.' Fee Mot. Ex. 8, Camp Decl. ¶ 14; Pls.' Fee Mot. Ex. 9, Gardner Decl. ¶ 17; Pls.' Fee Mot. Ex. 10, Celler Decl. ¶¶ 15; Pls.' Fee Mot. Ex. 11, Doolittle Decl. ¶ 4.

hereby awards Plaintiffs attorneys' fees and expenses in the amount of $14,500,000.00.

IT IS SO ORDERED, this 23rd day of January, 2012.

s/ Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE